UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MALIK B. BUTLER,

                       Plaintiff,

                                                                                Case # 16-CV-06074-FPG

v.

                                                                                 DECISION AND ORDER

NANCY A. BERRYHILL[1], ACTING COMMISSIONER
OF SOCIAL SECURITY,

                       Defendant.
_____

       Malik Butler ("Butler" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

       Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 11, 12. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

       On October 23, 2012, Butler applied for DIB with the Social Security Administration ("the SSA"). Tr. at 163-66. He alleged that he had been disabled since July 1, 2009 due to insomnia, a left shoulder injury, a right shoulder tear, and back problems. Tr. at 187. After his application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Brian Kane ("the ALJ") on August 1, 2014, in which the ALJ considered Butler's application *de novo*. Tr. 27-86. Butler appeared at the hearing with his

---

[1]     Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

attorney and testified. *Id.* On September 17, 2014, the ALJ issued a decision finding that Butler was not disabled within the meaning of the Act. Tr. 12-21. On December 16, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Butler's request for review. Tr. 1-7. Thereafter, Butler filed this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ's decision analyzed Butler's claim for benefits under the process described above. At step one, the ALJ found that Butler had not engaged in substantial gainful activity since July 1, 2009, the alleged onset date. Tr. 14. At step two, the ALJ found that Butler has the following severe impairments: "left shoulder rotator cuff tendonitis and impingement syndrome, status post-surgery on November 11, 2009 and revision surgery on February 19, 2013; right shoulder rotator cuff tendonitis and impingement syndrome." Tr. 14-15. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 15.

Next, the ALJ determined that Butler retained the RFC to perform light work[2] with the specification that Butler can lift or carry up to twenty pounds, but can only lift or carry up to five pounds with the left arm. Tr. 15-20. The ALJ also determined that Butler cannot do any reaching or handling with the left arm, can occasionally do reaching or handling with the right arm, and that Butler can sit, stand, and walk for six hours each workday. *Id.*

At step four, the ALJ found that this RFC allows Butler to perform past relevant work as a case aide and teacher aide. Tr. 20-21. Accordingly, the ALJ concluded that Butler was not "disabled" under the Act. Tr. 21.

---

[2]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

**II.     Analysis**

Butler argues that remand is required because (1) the ALJ failed to evaluate Listing 1.08: soft tissue injury, resulting in an incomplete step three three analysis; and (2) the ALJ's failed to properly evaluate Butler's right shoulder rotator cuff tendonitis and impingement.  ECF No. 11-1, at 15-24.  These arguments are addressed in turn below.

**A.     Plaintiff's Step Three Challenge**

Butler argues that the ALJ failed to provide any particularized evaluation of Listing 1.08: soft tissue injury, which resulted in a flawed and incomplete analysis at step three.  ECF No. 11-1, at 15-19.  Rather, the ALJ only specifically discussed Listing 1.02: major dysfunction of a joint, in making the determination that Butler did not meet any of the Listings of Impairments.  *See* Tr. 15.  In Butler's view, the ALJ was required to discuss Listing 1.02 in considering the evidence in Butler's case.  ECF No. 11-1, at 16.  Further, Butler argues that had the ALJ considered Listing 1.08, he would have determined that Butler met the requirements of that Listing.  *Id.* at 19.  The Court disagrees.

> Listing 1.02 of 20 C.F.R. Part 404, Subpart P, Appendix 1 provides in relevant part:
>
> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.02.  Listing 1.08 provides:

> 1.08 Soft tissue injury (e.g., burns) of an upper or lower extremity, trunk, or face and head, under continuing surgical management, as defined in 1.00M, directed toward the salvage or restoration of major function, and such major function was

not restored or expected to be restored within 12 months of onset. Major function of the face and head is described in 1.00.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.08.  For musculoskeletal impairments, such as Butler's shoulder injuries, the Regulations define functional loss as:

> Regardless of the cause(s) of a musculoskeletal impairment, functional loss for purposes of these listings is defined as the inability to ambulate effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment, *or the inability to perform fine and gross movements effectively on a sustained basis for any reason*, including pain associated with the underlying musculoskeletal impairment. The inability to ambulate effectively or the inability to perform fine and gross movements effectively must have lasted, or be expected to last, for at least 12 months.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00 (emphasis added).

Notably, Butler cites no authority for the argument that the ALJ was *required* to include a discussion of Listing 1.08 in assessing Butler's shoulder impairments, in addition to the ALJ's discussion of Listing 1.02. *See McNulty v. Colvin*, No. 14-CV-5242 WFK, 2015 WL 5096471, at *5 (E.D.N.Y. Aug. 28, 2015) ("Absent any authority stating that Plaintiff's Shoulder Injuries should be considered as a medical impairment for purposes of Listing 1.08, the Court cannot conclude the incorrect legal standards were applied or substantial evidence does not support the Commissioner's decision.").  As the party claiming disability, Butler bears the burden "to demonstrate that his impairment (or combination of impairments) meets or is equal in severity to a listed impairment based on medical evidence." *Proper v. Comm'r of Soc. Sec.*, No. 1:12-CV-0098 MAT, 2014 WL 7271650, at *11 (W.D.N.Y. Dec. 18, 2014) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990)).  "Plaintiff meets this burden by showing that he meets *all* of the specified criteria for the impairment set forth in the Listing." *Id.*

In making a determination of whether the plaintiff meets or equals one of the Listings at step three, an ALJ must set forth a "specific rationale" to support the conclusion. *McHugh v.*

*Astrue*, No. 11-CV-00578 MAT, 2013 WL 4015093, at *6-7 (W.D.N.Y. Aug. 6, 2013) (citing *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir.1982)). This requires that the ALJ's decision contains more than a brief, conclusory statement that the plaintiff fails to meet any of the Listings. *Id.* at *6. However, the ALJ's failure to provide a "specific rationale" is not necessarily fatal, if the "ALJ's disability determination can be 'reasonably inferred' based on 'substantial evidence' contained elsewhere in the opinion." *Id.* at *7 (quoting *Berry*, 675 F.2d at 468-69).

Here, the ALJ adequately described the rationale for his decision that Butler did not meet the requirements of any of the Listings, including (but not limited to) Listing 1.02. Tr. 15. Based on evidence in the record, the ALJ determined that Butler's severe impairments in his shoulders do not result in the "inability to perform fine and gross movements effectively as required by listing 1.02." *Id.* Specifically, the ALJ pointed to the opinions of Dr. Bailey and Dr. Maloney that although Butler suffers pain and "some significant restriction," the record also shows "improvement in [Butler's] condition with therapy and continued strength." *Id.* Additionally, the ALJ found that Butler "retains grip strength of 5/5 and remains able to perform activities of daily living, including cooking, doing laundry, and shopping." *Id.* In the Court's view, this discussion shows that the ALJ's conclusion was adequately supported by a "specific rationale," as required by *Berry*, 675 F.2d at 468.

The ALJ's determination that Butler's impairments do not show the "inability to perform fine and gross movements effectively" is also significant because it undermines Butler's argument that the ALJ would have found that Butler meets Listing 1.08 had the ALJ considered that Listing. *See* Tr. 15; ECF No. 11-1, at 19. The Regulations make clear that functional loss, for musculoskeletal purposes, means either the "inability to ambulate effectively" or the

"inability to perform fine and gross movements effectively." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00. The ALJ's finding regarding Butler's ability to perform fine and gross movements indicates that he considered *all* of the Listings—including Listing 1.08—in making his decision at step three.

Accordingly, for all the reasons stated, the ALJ did not err when he determined that Butler does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the Regulations.

### B.     Plaintiff's RFC Challenge

Butler also argues that the ALJ's RFC evaluation of Butler's right shoulder injury is not supported by substantial evidence. ECF No. 11-1, at 19-24. Specifically, Butler asserts that there is no evidence to support the ALJ's conclusion that Butler can occasionally reach and handle with the right upper extremity and occasionally lift and carry up to twenty pounds. *Id.* at 21, 23.

RFC is defined as "what an individual can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Desmond*, 2012 WL 6648625, at *5 (citing 20 C.F.R. § 404.1545(a)). "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations." *Id.* (citation omitted).

The ALJ relied on the evaluations of Dr. Heck, Dr. Coniglio, Dr. Miller, Dr. Goodman, and Dr. Bailey in finding that Butler can occasionally reach and handle with the right upper

extremity and occasionally lift and carry up to twenty pounds. Tr. 17-19. The ALJ relied most heavily on the medical opinion of Dr. Heck. Tr. 17. In October of 2009, Dr. Heck found that Butler could return to light duty work, not lifting above the shoulder level and not lifting greater than fifteen to twenty pounds. Tr. 17, 286. Because Dr. Heck's evaluations took place during the months surrounding Butler's left shoulder surgery, the primary focus of Dr. Heck's evaluations is, understandably, Butler's left shoulder. *See* Tr. 275-76. The ALJ accorded Dr. Heck's opinion "significant weight" because he examined Butler on multiple occasions and supported his assessments with the claimant's medical history and personal examination findings. Tr. 17.

As to Butler's right shoulder impairment, the ALJ's RFC determination is directly supported by the independent medical evaluation of Dr. Coniglio, who evaluated Butler on July 29, 2011. Tr. 273-74. After a physical examination and upon review of Butler's medical records, Dr. Coniglio found that Butler was able to return to light work with the limitation that he could lift up to twenty pounds with both arms on an occasional basis from floor to tabletop level. Tr. 266, 273-74. Dr. Coniglio noted that although Butler has pain in both shoulders, the symptoms in Butler's right shoulder were not as severe as the left. Tr. 267. The ALJ gave this opinion "some weight" because it was based upon a "thorough review of the claimant's medical history and an in-person physical evaluation of the claimant with supportive findings including significantly restricted range of motion upon testing." Tr. 18. These are valid reasons for the ALJ to accord some weight to Dr. Coniglio's opinion. 20 C.F.R. §§ 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."), 404.1527(c)(4) ("Generally,

the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

The other medical opinions relied upon by the ALJ also support his conclusion that Butler could return to light duty work. In June of 2012, Dr. Goodman found that Butler "can return to almost any light desk-type of job with computers, writing, and lifting ten pounds occasionally, five pounds more frequently." Tr. 263-64. In February of 2013, Dr. Bailey opined that Butler had a "mild to moderate limitation to reaching and moderate limitation to carrying and lifting." Tr. 326. In July of 2013, Dr. Goodman found that Butler had a "moderate, temporary, partial disability," limiting him to push or pull not more than 10 pounds with either arm. Tr. 341. Although two of these doctors placed a 10-pound restriction for lifting and carrying, Butler himself testified that he could carry up to 15 pounds with his right arm. Tr. 71. Given the evidence in the record, it was reasonable for the ALJ to rely on the medical opinions of Dr. Heck and Dr. Coniglio to determine that Butler could lift and carry up to 20 pounds with his right arm.

Accordingly, for all the reasons stated, the Court finds that the ALJ did not err and that the RFC determination is supported by substantial evidence.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 15, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court